# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MATTHEW FURTEK,
      Appellant,

      v.

DEPARTMENT OF THE NAVY,
      Agency.

DOCKET NUMBER
SF-0752-13-2167-I-1[1]

DATE: June 22, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Matthew Furtek, Camarillo, California, pro se.

Matthew D. Dunand, Esquire, and Steven L. Seaton, Esquire, Bremerton, Washington, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[1] Pursuant to 5 C.F.R. § 1201.36(a)(2), this appeal was part of a consolidation, *NV24-California v. Department of the Navy*, MSPB Docket No. SF-0752-14-0306-I-1, Consolidated Appeal File (CAF). The appellant and one additional employee have filed individual petitions for review of the initial decision. Only the arguments raised by the instant appellant will be considered herein.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which affirmed the agency's furlough action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2     The appellant serves as an electronics engineer at the agency's Naval Surface Warfare Center, Port Hueneme Division. Initial Appeal File (IAF), Tab 1 at 7. The agency proposed to furlough the appellant for no more than 11 days due to the budget constraints following the President's March 1, 2013 sequestration order. *Id*. at 8-10. After providing a written reply to the deciding official, the agency imposed the furlough action, which the Secretary of Defense subsequently reduced to no more than 6 days. *Id*. at 11-12 (decision letter); IAF, Tab 3 at 6-13 (appellant's written response to the deciding official); CAF, Tab 2, Furlough Processing Order (incorporating by reference the agency's administrative record found on the Board's website); Department of the Navy Administrative Record for Fiscal Year 2013 Furlough Appeals (Administrative Record), Tab 3, available at http://www.mspb.gov/furloughappeals/navy2013.htm.

¶3        The appellant filed an appeal of the agency's furlough action, which was consolidated with several other appeals, and he requested a hearing. CAF, Tabs 1-2; IAF, Tab 1 at 2. The appellant subsequently withdrew his request for a hearing, and after he submitted a close of record submission, the administrative judge issued an initial decision sustaining the agency's furlough action. IAF, Tabs 2, 4; CAF, Tab 19, Initial Decision (ID). In her initial decision, the administrative judge found that the agency established cause for taking the furlough action based on the budget shortfall resulting from the March 1, 2013 sequester order, and that the agency's furlough action promoted the efficiency of the service. ID at 5-13. The administrative judge further concluded that the appellants, collectively, did not establish any of their affirmative defenses, and that they had a meaningful opportunity to respond to the proposed furlough action prior to a final decision being issued. ID at 22-29.

¶4        The appellant has filed a petition for review raising several general arguments about the manner in which the agency furloughed employees. Petition for Review (PFR) File, Tab 1. On review, the appellant argues that the agency failed to present specific evidence that the unit to which he is assigned suffered a budget deficit, that there was no cause to impose a furlough, and that the Secretary of Defense exceeded his authority by ordering the several military agencies under the umbrella of the Department of Defense to furlough their employees. *Id*. at 8-9. The appellant also argues that the agency has failed to present evidence that his furlough resulted in specific savings to the agency, and he argues that the agency's process for furloughing employees does not comport with reduction in force principles. *Id*. at 10-11. Finally, the appellant argues that the agency committed a prohibited personnel practice by furloughing employees when there was no financial need to do so, and he has requested an award of treble damages. *Id*. at 11. The agency has filed a response in opposition to the petition for review, and the appellant has filed a reply. PFR File, Tabs 3-4.

¶5        We have reviewed the initial decision, along with the record developed below, and we find no reason to differ with the administrative judge's well-reasoned findings sustaining the agency's furlough action. We agree with the administrative judge that the record adequately supports just cause for taking the furlough action based upon the sequester order. ID at 5-13. Although the appellant argues on petition for review that there is no specific evidence that the Department of the Navy suffered a budget shortfall, the Board has held that the efficiency of the service standard for a furlough action must be judged from the viewpoint of the Department of Defense, and not from the individual military departments under its authority. *See Yee v. Department of the Navy*, 121 M.S.P.R. 686, ¶¶ 13-14 (2014). In *Yee*, the Board sustained the employee's furlough upon finding that it was reasonable for the Department of Defense to consider its budget situation holistically, rather than considering each military department's situation individually. *Id*. We thus find no merit to the appellant's argument that the Department of the Navy, or his specific unit, did not suffer a budget shortfall, which required employees to be furloughed.

¶6        We similarly find no merit to the appellant's argument that the agency failed to present evidence of specific savings tied to his furlough. *See* PFR File, Tab 1 at 10. In *Einboden v. Department of the Navy*, 122 M.S.P.R. 302, ¶ 18 (2015), the Board recently held that an agency is not required to show that any funds saved from an employee's furlough actually were used for any other purpose. Instead, the Board found that, to meet the efficiency of the service standard, it is enough for the agency to show that the furlough action was a reasonable management solution when the action was taken. *Id*. We find that the agency's furlough in this case meets the standard in *Einboden* based upon the evidence of an anticipated budget shortfall at the time it imposed the furlough.

¶7        Finally, to the extent that the appellant argues that the agency's furlough is inconsistent with reduction in force principles, the Board has found that a furlough, although guided by such principles, also is governed by a separate set of

regulatory standards under chapter 75, and that employees in different competitive areas may be treated differently in a furlough because they are not similarly situated.  *See Salo v. Department of Defense*, 122 M.S.P.R. 417, ¶ 10 (2015) (citing *Weathers v. Department of the Navy*, 121 M.S.P.R. 417, ¶¶ 8-9 (2014)).  The appellant's argument that the agency's furlough is inconsistent with the reduction in force regulations thus provides no basis for disturbing the initial decision.  *See id.*, ¶ 7 (finding that the regulations found at 5 C.F.R. Part 752 apply to furlough actions); PFR File, Tab 1 at 11.

¶8      We have considered the appellant's remaining arguments on petition for review, including his request for an award of treble damages and that the agency committed a prohibited personnel practice under 5 U.S.C. § 2302(b)(12) by imposing his furlough,[3] and we find that they present no basis for overturning the initial decision.  The administrative judge's initial decision sustaining the agency's furlough action is AFFIRMED.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has

---

[3] We agree with the administrative judge's finding that the appellant's section 2302(b)(12) affirmative defense is duplicative of his appeal of the agency's furlough action and that it does not present a separate basis for challenging the furlough.  ID at 29.

held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                  _____
                                William D. Spencer
                                Clerk of the Board

Washington, D.C.